UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:24CR312 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| TYRIQUE DAVIS, | ) | **ORDER AND DECISION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court on motion by the Government for revocation of the magistrate judge's order granting Defendant Tyrique Davis an unsecured bond. The Court has been advised, having reviewed the motion and Davis' opposition. Upon review, the Government's motion is GRANTED. The magistrate judge's bond order is REVOKED and Davis is hereby ordered DETAINED to be transported to the Northern District of Ohio.

**APPLICABLE LAW**

18 U.S.C. § 3145(a) permits this Court to review the pretrial detention order of a magistrate judge.

> If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court--
>
> (1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release[.]

18 U.S.C. § 3145(a)(1). When this Court "acts on a motion to revoke or amend a magistrate's

1

pretrial detention order, [it] acts de novo and must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992). "[M]eaningful de novo review means that the district court should engage in the same analysis, with the same options, under § 3142 as the magistrate judge." *United States v. Yamini*, 91 F.Supp. 2d 1125, 1129 (S.D. Ohio 2000).

A judicial officer must order a defendant detained if no condition will reasonably assure his/her appearance at trial or if there is a serious risk to the safety of others or the community. 18 U.S.C. § 3142(e). A court, however, must consider all reasonable less restrictive alternatives to detention. 18 U.S.C. § 3142(e).

The Bail Reform Act of 1984 specifies that a finding that no conditions will reasonably assure the safety of another person or the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). However, no standard of proof is given for a finding that no conditions will reasonably assure the defendant's appearance. Courts have held that such a finding must be supported by a preponderance of the evidence. *United States v. Patriarca,* 948 F.2d 789, 793 (1st Cir. 1991); *United States v. Aitken,* 898 F.2d 104, 107 (9th Cir. 1990); *United States v. King,* 849 F.2d 485, 489 (11th Cir. 1988); *United States v. McConnell,* 842 F.2d 105, 110 (5th Cir. 1988); *United States v. Jackson,* 823 F.2d 4, 5 (2nd Cir. 1987); *United States v. Vortis,* 785 F.2d 327, 328-29 (D.C. Cir.) (per curiam); *United States v. Portes,* 786 F.2d 758, 765 (7th Cir. 1985); *United States v. Orta,* 760 F.2d 887, 891 n.20 (8th Cir. 1985).

18 U.S.C. § 3142(g) sets forth factors that a court must consider when determining whether to release a defendant on bail/bond, with or without conditions, or order that he be held in custody until completion of trial. The factors listed in Section 3142(g) are as follows:

(1) the nature and circumstance of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## ANALYSIS

Davis was indicted in this District on September 5, 2024 for bank larceny that allegedly occurred on October 3, 2023. The underlying facts of that offense indicate that roughly 20 minutes before midnight, 911 dispatchers received at least 2 calls regarding an ongoing incident near a bank ATM located in a Giant Eagle parking lot. Witnesses indicated that three male suspects were in the process of stealing a stand-alone Huntington Bank ATM. Witnesses observed the suspects using a crowbar and wrapping a chain around the ATM while backing a pickup truck up to it. Springfield Township police officers were dispatched to the scene. Upon arriving, the officers saw the damaged ATM, a Ford F-150 pickup truck, and the three male suspects. The suspects fled while carrying canisters containing U.S. currency. After a short foot pursuit, Davis was apprehended. One canister was found near where Davis was arrested and the two others were found near the fence where the other two suspects had fled. The entire $45,346 that was taken from the ATM was recovered from

the three canisters.  Subsequent investigation revealed that Davis had travel to Ohio from Texas the day before the robbery.

A review of video of the incident from a security camera showed the three suspects wearing clothing, gloves, and face masks that concealed their identities.  The footage revealed that one suspect wore clothing that was consistent with the clothing Davis was wearing when apprehended by officers.  Davis was initially charged in state court and was released on bond.[1]  At that time, it is believed he returned to Texas where he was arrested based upon the warrant issued by this Court.

Within its motion to review the magistrate judge's bond determination, the Government notes that Davis is suspected of a string of robberies across the country. One such robbery occurred on July 21, 2023 in Waukesha, Wisconsin.  The day after that incident, officers identified and stopped two of the vehicles involved in the robbery, and Davis was an occupant of one of those vehicles.  Four other occupants in the second vehicle were also all from Texas.  Additionally, in January of 2024, a Brinks security truck was robbed of roughly $1.7 million in Dallas, Texas.  Investigators developed two suspects and subsequently identified two rental vehicles that had been used to surveil the Brinks truck.  One of those vehicles was rented by Davis.  Finally, Davis was stopped on August 29, 2024, for a routine traffic stop in Colorado Springs, Colorado.  During the stop, a passenger in Davis' vehicle fled and was never apprehended by officers.   Two other occupants in the vehicle with Davis were also from Texas.

In addition to being a suspect in the above offenses, Davis also has a past history related to the instant conduct.  In 2020, Davis was convicted of attempted theft of an ATM.  The facts of that

---

[1] Those charges were ultimately dismissed following Davis' arrest on the warrant issued in conjunction with the indictment in this matter.

4

offense indicate that Davis wrapped a chain around the ATM and attempting to pull it with a vehicle. Finally, Davis' other criminal history includes assault on a public servant, burglary, and aggravated assault with a deadly weapon. Davis was in custody for this final offense until 2023.

Based upon the above, Davis must be detained. Davis has no ties to the state of Ohio. Rather, it appears that Davis traveled to Ohio solely to commit the offense in the indictment. Given the surveillance camera and Davis' immediate apprehension, the weight of the evidence against him is strong. Moreover, Davis' first instinct when he encountered law enforcement was to flee on foot to attempt to evade apprehension. Similarly, the facts strongly suggest that Davis was still willing to travel across state lines to engage in further criminal activity *while* on bond from the Summit County Court of Common Pleas. This fact, coupled with the fact that Davis has both previously been convicted and sentenced for a nearly identical crime and apparently returned to crime after being released for a violent crime, all weigh heavily against his release.

## CONCLUSION

This Court finds that no condition or combination of conditions will reasonably assure the appearance of Davis at trial and other proceedings. Therefore, the magistrate judge's bond order was improper. Defendant is hereby ordered detained, and a separate detention order will issue from the Court.

IT IS SO ORDERED.

Date: October 15, 2024  /s/ John R. Adams
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE